# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2428

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Ernest Carl Crank, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 5, 2000

Filed:  December 19, 2000

_____

Before BEAM, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

A jury found Ernest Carl Crank guilty of one count of conspiracy to distribute cocaine and cocaine base, four counts of distributing cocaine base, and one count of distributing cocaine, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Crank to concurrent prison terms of 245 months on each of the conspiracy and cocaine-base-distribution counts, and 240 months on the cocaine-distribution count, to be followed by concurrent supervised release terms totaling five years. For reversal, Crank challenges the sufficiency of the evidence and the drug-quantity attribution for sentencing purposes.

At trial, the government introduced two witnesses who testified Crank furnished them with the cocaine and cocaine base they sold on five specific occasions to undercover agents, and Crank furnished them with cocaine and cocaine base for resale regularly during most of 1996. This evidence, as corroborated by the testimony of several law enforcement officials, was sufficient to support Crank's conspiracy and distribution convictions. See United States v. Robinson, 217 F.3d 560, 564 (8th Cir.), cert. denied, 121 S. Ct. 497 (2000); United States v. Moore, 212 F.3d 441, 444-45 (8th Cir. 2000).

Turning to Crank's sentence, we conclude the district court's decision to hold Crank accountable for 1.4 kilograms of cocaine base for sentencing purposes, after cautiously taking into consideration one of the witnesses's tendency to exaggerate, was not clearly erroneous. See United States v. Padilla-Pena, 129 F.3d 457, 467 (8th Cir. 1997) (reviewing court is particularly hesitant to find clear error in district court's drug-quantity findings where those findings are based on determinations of witness credibility), cert. denied, 524 U.S. 905, 906 (1998). Nevertheless, we must vacate the penalties imposed for the conspiracy and cocaine-base-distribution convictions and remand for reconsideration in light of recent Supreme Court directives. See Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-63 (2000) (other than fact of prior conviction, any fact that increases penalty beyond prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt). Where, as here, the quantity of drugs was not alleged in the indictment or submitted to the jury, Crank could not be sentenced above the statutory maximum penalties he faced, without reference to drug quantity, for his involvement with these schedule II controlled substances. See 21 U.S.C. § 841(b)(1)(C) (authorizing maximum twenty-year prison term for first-time felony schedule II controlled substance offenders, and minimum three-year supervised release term); 18 U.S.C. § 3583(b)(2) (authorizing, except as otherwise provided, maximum supervised release term of three years for Class C felony); United States v. Nicholson, 231 F.3d 445 (8th Cir. 2000); (applying Apprendi, which was decided after sentencing, on direct appeal; where indictment did not specify amount of drugs

involved in conspiracy, and jury did not make express finding of quantity, defendant's sentence could not exceed twenty years under §§ 841(b)(1)(C) and 846.

Accordingly, we affirm Crank's convictions, as well as his sentence of 240 months imprisonment followed by three years supervised release on the cocaine-distribution conviction. We vacate the sentences imposed on his other five convictions, all of which resulted in prison and supervised release terms exceeding the statutorily-provided maximums, and remand for resentencing. The government's uncontested motion to supplement the record on appeal is granted.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.